UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRI 3 ENTERPRISES, LLC, et al., : | |
| : | Civil Action No. 11-3921 (MAS) |
| Plaintiffs, : | |
| : | |
| v.  : | MEMORANDUM OPINION |
| : | |
| AETNA, INC., et al., : | |
| : | |
| Defendants. : | |
| : | |

This matter comes before the Court upon Plaintiffs, Tri 3 Enterprises, LLC, on behalf of themselves and all others similarly situated ("Plaintiffs") request for leave to file a First Amended Complaint [Docket Entry No. 85] to join additional parties, Integrated Orthopedics, Inc. (doing business as Wabash Medical, Inc.), WMI Enterprises, LLC, Compression Therapy, LLC, CMW Medical, LLC, and Hoosier Med, LLC.; and Defendants, Aetna Health Inc., Aetna Insurance Company of Connecticut, Aetna Life Insurance Company, Aetna, Inc.; and Corporate Health Insurance, Inc., oppose Plaintiffs' Motion to Amend [Docket Entry No. 87]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiffs' motion. The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion is GRANTED.

I.  BACKGROUND AND PROCEDURAL HISTORY

On May 16, 2011, Tri 3 Enterprises filed a class action complaint in the United States District for the District of the Northern District of Illinois, against the Defendants challenging the conduct of Aetna's Special Investigations Unit ("SIU"). Specifically, Plaintiffs allege that Defendants sent them overpayment letters demanding payment, that these letters were adverse

1

benefit determinations, and that they violated ERISA because they did not contain the notice and appeal rights that are required when a claim for benefits is denied. (*See* Complaint; Docket Entry No. 1). Plaintiffs seek a return on all moneys recouped from putative class members, payment on all claims subject to pre-payment review, and an order enjoining all future recoupment efforts. (*Id.*).

On June 24, 2011, this matter was transferred to this Court, the United States District Court for the District of New Jersey. (*See* Opinion; Docket Entry No. 15).

On August 15, 2011, Defendants moved to dismiss Plaintiffs' Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Motion to Dismiss; Docket Entry No. 26). On April 24, 2012, Defendants' Motion to Dismiss was granted. (*See* Order; Docket Entry No. 50).

On May 4, 2012, Plaintiffs filed a Notice of Appeal of the Court's April 2012 dismissal of the Complaint. (*See* Notice of Appeal; Docket Entry No. 51). On August 16, 2012, the Third Circuit Court of Appeals, on procedural grounds, vacated and remanded the Order of the District Court. (*See* USCA Judgment; Docket Entry No. 54).

On December 19, 2013, Defendants answered Plaintiffs' Complaint, and named ten Counterclaim Defendants against Plaintiffs and several of its related entities alleging that they had engaged in a multi-year scheme to defraud Defendants by submitting false and fraudulent claims for insurance. (*See* Answer; Docket Entry No. 61).

On March 25, 2014, an Initial Pretrial Conference was held. During said conference, the Court consolidated this action (Civil Action No. 11-3921) with the Association of New Jersey Chiropractors (ANJC) action (Civil Action No. 09-3761) for purposes of discovery. (*See* Scheduling Order; Docket Entry No. 81). The Scheduling Order set July 11, 2014 as the deadline

to amend the pleadings and/or join parties. (*Id*.). By Letter Order on July 11, 2014, the deadline for motions to amend new pleadings and join new parties was extended from July 11, 2014 until July 14, 2014. (*See* Letter Order; Docket Entry No. 84).

On July 14, 2014, Plaintiffs filed the instant Motion for Leave to File a First Amended Class Action Complaint. (*See* Motion to Amend; Docket Entry No. 85). Plaintiffs are now seeking to amend their Complaint to add five additional parties.[1]

## II. ARGUMENTS

### A. PLAINTIFFS' ARGUMENT

Plaintiffs argue they should be permitted to file a First Amended Complaint because Federal Rule of Civil Procedure 15(a)(2) provides: "[t]he court should freely give leave when justice so requires. *Pilvalisvl Lockheed Martin Corp*., 2013 WL 1164498 (D.N.J. Mar. 20, 2013)(citing *Heyl & Patterson Intern., Inc. v. F.D. Rich Hous. of Virgin Islands, Inc*., 663 F.2d 419(3d Cir. 1981)). Moreover, Plaintiffs argue this is particularly so when the motion to amend is the first request to amend the complaint and that motion is timely made. (*See* Motion to Amend; Docket Entry No. 85).

Plaintiffs further assert, Federal Rule of Civil Procedure 17(a)(3) provides that "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." (*Id*. at 5 citing Fed. R. Civ. P. 17(a)(3)). Plaintiffs claim that

---

[1] Given the standing issues raised by Defendants, and the importance of said issues to this matter, in November 2014, the court set a limited schedule, permitting the parties to engage in discovery regarding standing and specifically deferring all other discovery, at least until a decision on the instant motion to amend was rendered. (*See* Letter order of 11/14/2014; Docket Entry No. 92). The Court later extended the stay of these proceedings, formally staying same pending the Third Circuit's decision in *North Jersey Brain & Spline Center v. Aetna, Inc.*, No. 14-2101. (*See* Letter Order of 1/26/2015; Docket Entry No. 102). The stay applies to all aspects of this case, except for discovery related to standing and the Court's decision on the instant motion to amend. (*See Id*.) The Court's decision to continue to stay these proceedings is now on appeal. (*See* Docket Entry No. 106).

Defendants did not object to this case proceeding in the name of Tri 3 Enterprises, LLC. Further, Plaintiffs argue that because Tri 3 Enterprises dissolved as a result of a merger with Integrated Orthopedics, Inc., Integrated Orthopedics, Inc. is the real party in interest. (*Id*. at 5-6).

### B. DEFENDANTS' ARGUMENT

Defendants argue that Plaintiffs' Motion to File a First Amended Complaint should be denied because it fails to meet the requirements of Local Rule 7.1 and Fed. R. Civ. P. 17(a)(3), because of its undue delay in seeking leave pursuant Rule 15(a), and because it fails to place Defendants on notice of the proposed Plaintiffs' claims as required under Rule 8(a). (*See* Brief in Opposition; Docket Entry No. 87).

### 1. FAILS TO MEET REQUIRMENTS OF LOCAL RULE 7.1

Defendants argue Plaintiff's motion is deficient under Local Civil Rule 7.1. Local Rule 7.1(d)(4) states: "in lieu of filing any brief pursuant to L. Civ. R. 7.1(d)(1), (2) or (3), a party may file a statement that no brief is necessary and the reasons therefore." (*Id*. at 6). Defendants assert that this Court has made it clear a bare assertion that "no brief is necessary" has been deemed inadequate under the Rule. *Ghafari v. Hern*, No. 06-0931, 2008 U.S. Dist. LEXIS 21598 (D.N.J. Mar. 17, 2008). Defendants argue that Plaintiffs' "Statement in Lieu of Brief" is insufficient because it lacks an explanation as to why it did not submit a brief in support of the Motion to Amend. (*See* Brief in Opposition; Docket Entry No. 87 at 6).

Defendants further argue Plaintiffs' goal is gamesmanship.   Specifically, Defendants contend that Plaintiff failed to fully describe its goals and purposes in a brief accompanying the motion to amend in an attempt to draw Aetna out in opposition, allowing Plaintiffs to get the "proverbial final swing in reply." (*Id*. at 6-7).

4

## 2. UNDUE DELAY IN SEEKING LEAVE

Defendants contest Plaintiffs' Motion to Amend should be denied because of its undue delay in seeking leave. Defendants state, although liberally granted, the decision to grant leave to amend a complaint rests within the sound discretion of the trial court under Fed. R. Civ. P. 15(a). (*Id*. at 8 citing *Massarsky v. General Motors Corp*., 706 F.2d 111, 125 (3d Cir. 1983). Defendants also rely on *Foman v. Davis*, which states that "the Court may deny a motion to amend where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility. (*Id.* citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Furthermore, Defendants look to the Third Circuit which stated: "The passage of time, without more does not require that motion to amend…be denied; however, at some point, the delay will become undue…placing an unfair burden on the opposing party." (*Id*. at 9 citing *Adams v. Gould, Inc*., 739 F.2d 858, 868 (3d Cir. 1984). In assessing whether there has been an undue delay, the focus should be on the moving party's reasons for failing to amend the pleading sooner. *Id*.; *see also Cureton v. NCAA*, 252 F.3d 267, 272 (3d Cir. 2001)(Holding that undue prejudice to the opposing party exists where "allowing an amendment would result in additional discovery, cost and preparation to defend against new facts or new theories.").

Here, Defendants argue Plaintiffs did not explain their delay in seeking to amend to add these entities as Plaintiffs in this over three year old matter. Further, though Plaintiffs note that Integrated Orthopedics was the surviving entity after its merger with Tri 3 on April 10, 2013, Plaintiffs do not explain why it delayed in pursuing an amendment to reflect the change. (*See* Brief in Opposition; Docket Entry No. 87 at 9). Moreover, Defendants argue Plaintiffs failed to

5

explain why the proposed additional parties were not discussed with the Court during the Scheduling Conference held on March 25, 2014. (*Id*.). That the five proposed Plaintiffs had been named as Counterclaim Defendants does not negate the fact that the addition of said entities at this juncture constitutes undue delay and would unduly prejudice Aetna. (*Id*.).

Defendants assert that due to Plaintiffs' undue delay in amending the Complaint and their failure to explain the delay, Defendants would be unduly prejudiced. Specifically, Defendants would be required to re-serve discovery, which not only prejudices Defendants, but also unduly delays this matter proceeding to trial. (*Id*. at 10). Defendants see no reasons for Plaintiffs' failure to inform Defendants of the corporate reorganization or for their delay in amending their Complaint to reflect the same.

### 3. FAILED TO PLACE DEFENDANTS ON NOTICE

Defendants further argue Plaintiffs' Proposed Amended Complaint fails to place Defendants on notice of the proposed Plaintiffs' claims. Defendants contend the Proposed Amended Complaint is incomplete insofar as it fails to provide essential information concerning standing relative to the proposed Plaintiffs. (Id. at 12). Defendants specifically point to critical information that is omitted concerning who submitted claims to Aetna and who actually possessed the relevant assignments. Moreover, Defendants argue that Plaintiffs vague references to standing do not meet the requirements of Fed. R. Civ. P. 8(a). Defendants assert that a "short and plane statement" sufficient to give notice of the proposed Plaintiffs' standing pursuant to the claims against Defendants is required. (Id.).

6

### 4. PLAINTIFF DOES NOT SIMPLY SUBSTITUTE NAMES OF PROPER PARTIES

Lastly, Defendants argue Plaintiffs invoke Fed. R. Civ. P. 17(a)(3) without explaining how it applies. Further, the Rule does not provide Plaintiffs an independent basis to amend the Complaint. (*Id*. at 13). Rather, the Rule requires that "the action must be brought by the person entitled under the governing substantive law to enforce the asserted right." *Id* citing *Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Cir. 1992).

Defendants contend Plaintiffs proposed amendments are not authorized under Fed. R. Civ. P. 17(a)(3) for a few reasons. First, Defendants state the Rule only permits "a reasonable time" for the party in interest to be joined. Defendants argue the proposed Plaintiffs had more than enough time to join. The merger took place roughly a year ago, yet Plaintiffs failed to raise that fact during the March 25, 2014 scheduling conference, or any time prior to Plaintiffs' present motion.

Second, Defendants argue Plaintiffs cannot invoke Rule 17(a)(3) because the proposed amendment does not simply "substitute" the name of the proper parties, but rather, Plaintiffs expand the universe and substance of the claims previously asserted. (*Id*. at 14). Defendants specifically point to Hoosier Medical, Compression Therapy, and WMI who assert brand new claims and allegations. Therefore, Defendants contend Plaintiffs should not be permitted to invoke Rule 17(a)(3) because its doing so is designed not just to substitute a party, but to expand and alter the originally filed claims. (*Id*. at 14).

### C. PLAINTIFFS' REPLY

Plaintiffs reassert their arguments in their Motion to Amend. Plaintiffs argue they have met the requirements of Local Civil Rule 7.1, the requirements of Fed. R. Civ. P. 15(a)(2), and

the requirements of Fed. R. Civ. P. 17(a)(3). (*See* Reply Brief; Docket Entry No. 89).

Plaintiffs contend their motion is straightforward and does not require full-blown briefing to fully apprise the Court of the relevant facts and law. Plaintiffs' "Statements in Lieu of a Brief" set forth the applicable legal standards governing amended pleadings, summarized the procedural history of the matter, and explained the substance of the proposed amendments. (*Id*. at 8). Further, Plaintiffs admit they did not include an explanation of why a statement in lieu of a brief was appropriate, but that the point was clear.

Plaintiffs further argue they have met the requirements of Fed. R. Civ. P. 15(a)(2), which provides that "the court should freely give leave when justice so requires." (*Id*. at 9). Plaintiffs contend the proposed amendments should not be denied on the grounds of undue delay as Plaintiffs have complied with the scheduling order and filed their motion within the deadline. Moreover, Plaintiffs assert Defendants overlooked that the matter was dormant for 18 months and that virtually no formal discovery had taken place during that time period. Therefore, Plaintiffs assert it is "preposterous" for Defendants to argue that the proposed amendments were improperly delayed. (*Id*. at 10).

Further Plaintiffs claim they have already produced documents for all parties, old and new, no depositions have been taken, and the court has set no terminal discovery deadlines. Therefore, there is no conceivable prejudice to Defendants in adding the proposed Plaintiffs. (*Id*. at 12).

Lastly, Plaintiffs contend they have met the requirements of Fed. R. Civ. P. 17(a)(3), which provides that "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until. After an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." (*Id*. at 13 citing Fed. R. Civ. P.

17(a)(3)). Plaintiffs argue this is the precise reasoning for their Proposed Amended Complaint, to clarify who the real parties in interest are and to add them as litigants. (*Id*. at 14).

In regard to the timeliness of Plaintiffs' motion to amend the complaint to incorporate the real parties interest, Plaintiffs note that it was brought within the period of time set forth in the Court's Scheduling Order.   Plaintiffs further contend Defendants have not moved to dismiss or even formally object on the grounds that the wrong parties were joined.   Therefore, Plaintiffs assert it cannot be out of time to join the correct parties.

### III.   ANALYSIS

The Court finds that Plaintiffs should be permitted to amend their Complaint to add the five proposed Plaintiffs.   While acknowledging Defendants' argument that Plaintiffs' motion is deficient under L. Civ. R. 7.1, the Court, non-the- less chooses to rule on the substantive issues at hand.   Plaintiffs have set forth an adequate brief, which included the applicable legal standards governing amended pleadings, a summarized account of the procedural history, and explained the substance of the proposed amendments.

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely.   *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).   While the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment" (*Id*) where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Plaintiffs' motion is not the product of bad faith, dilatory motive or undue delay.

Plaintiffs seek to amend the Complaint to incorporate proposed Plaintiffs; Integrated Orthopedics, Inc.; WMI Enterprises, LLC; Compression Therapy, LLC; CMW Medical, LLC; and Hoosier Med, LLC, in the Complaint. Plaintiffs filed their Motion to Amend along with their Proposed Amended Complaint on July 14, 2014. The deadline, as set in the Scheduling Order was July 11, 2014. However, after a request to extend the deadline was granted, the new deadline for motions to amend new pleadings and join new parties was extended until July 14, 2014. Therefore, Plaintiffs' Motion to Amend and the Proposed Amended Complaint, although filed on the "eve of a pleading amendment deadline," were still filed within the deadline set by the Court. Thus, Plaintiffs' Motion to Amend was timely filed.

Further, the Court finds that granting Plaintiffs' motion will not prejudice Defendants, as merit discovery has not yet commenced. Defendants contend that because this matter has been lingering in the District of New Jersey since July 2011, Defendants would be prejudiced if Plaintiffs' Motion to Amend were granted. Defendants assert that it would cause large expense to re-open and conduct more discovery as well as delay the resolution of the matter. Since the transfer of this case to this Court, a myriad of motions have delayed the onset of discovery. Defendants are aware, they filed a Motion to Dismiss in August 2011, which was granted in April 2012, thereby terminating the case. The Plaintiffs appealed the grant of the Motion to Dismiss to the Third Circuit ultimately resulting in the reinstatement of the Complaint. This matter was therefore reopened in September 2013. It was not until December 2013 that the Defendants filed an Answer.

Moreover, Defendants raised standing issues and requested a stay of discovery. Given the importance of said issues, the Court set a limited schedule, permitting the parties to engage in discovery regarding standing and specifically deferred all other discover, until a decision on the

instant motion to amend was rendered. (*See* Letter Order of 11/14/2014; Docket Entry No. 92).

Defendants will not be prejudiced if Plaintiffs' motion is granted.

In addition, the Court finds that the proposed Amended Complaint is not futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

The Supreme Court stated in *Bell Atlantic Corp. v. Twombly* that "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support Plaintiffs' claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court finds that Plaintiffs have met the plausibility standard set out in *Twombly*.

The Court further finds that Plaintiffs' claims are comprised of sufficient factual allegations, which when accepted as true and viewed in the light most favorable to Plaintiffs, raise Plaintiffs' right to relief above the speculative level. Moreover, the Court finds that Plaintiffs' have included sufficient detail to put Defendants on notice of the precise violations being alleged. As a result, the Court finds that Plaintiffs proposed Second Amended Complaint would survive a Rule 12(b)(6) motion to dismiss and is not futile.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED. An appropriate Order follows.

Dated: February 23, 2015

s/   Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
